## AUGUSTA NATIONAL BANK

### *vs.*

### GEORGIE E. HEWINS, and others, Exors.

### Kennebec.    Opinion May 1, 1897.

*Bills and Notes.    Interest.*

A promissory note payable on a certain time after date with interest at the rate of nine per cent, until paid, carries interest at that rate after the maturity of the note as well as before.

ON EXCEPTIONS BY DEFENDANTS.

This was an action of assumpsit upon a promissory note. The only question raised was whether the note bore interest at nine per cent from date to the time of judgment or only up to the maturity of the note. The presiding justice ruled that the note bore interest at nine per cent beyond maturity and until time of judgment. To this ruling the defendants excepted.

*E. W. Whitehouse and W. H. Fisher*, for plaintiff.

The note in question expressly states that it shall be with interest at rate of nine per cent per annum until paid; thus bringing the case entirely within the rule referred to by the court in *Capen* v. *Crowell*, 66 Maine, 282; *Eaton* v. *Boissonnault*, 67 Maine, 540; *Paine* v. *Caswell*, 68 Maine, 80.

The language of R. S., c. 45, is in itself conclusive of this case: "In the absence of an agreement in writing the legal rate of interest is six per cent."

*S. and L. Titcomb*, for defendants.

The note having located a place for its payment until paid and

there being not a word in the written contract (the note) showing that it was the intention of the parties that the note was to run a longer time than six months, the words "until paid" must be held to mean that the maker until the date of its payment could find the note at the office of E. W. Whitehouse, Augusta, Maine. The words "until paid" must have the same power as applied to "principal" as applied to "interest," for the note says "principal and interest payable at the office of E. W. Whitehouse, Augusta, Maine, until paid."

SITTING: PETERS, C. J., WALTON, EMERY, HASKELL, WHITE-HOUSE, STROUT, JJ.

WALTON, J. This is an action upon a promissory note of the following tenor:

$2300.                          Augusta, Maine, June 2, 1893.

Six months after date, for value received, I promise to pay to the order of E. A. Getchell, the sum of twenty-three hundred dollars, with interest at rate of nine per centum per annum, principal and interest payable at office of E. W. Whitehouse, Augusta, Maine, until paid.                          E. A. Getchell.

It will be noticed that at the end of the note are the words, "until paid." The only question is whether these words carry interest at the stipulated rate (nine per cent) after the maturity of the note as well as before.

We think they do. They were written into the note for some purpose, and we think there can be no reasonable doubt what that purpose was. We think it must have been for the purpose of guarding against that very construction of the note for which the defendants now contend. It had already been decided that without these words, such a note would draw the stipulated interest till maturity, and only the legal rate of interest (six per cent) thereafter. *Eaton* v. *Boissonnault,* 67 Maine, 540. We think it was to guard against this result that the words, "until paid," were inserted in the note now under consideration. True, the words,

"until paid," are separated from the interest clause by a clause naming the place of payment of the note; but we do not think this separation destroys the effect of the words, or leaves their meaning at all doubtful.

Such in effect was the ruling in the court below; and it is the opinion of the law court that the ruling was correct.

*Exceptions overruled.*